UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

    **Plaintiff,**

v.

    Case No. 2:02-cr-159
    JUDGE EDMUND A. SARGUS, JR.

OCEANUS PERRY,

    **Defendant.**

## OPINION AND ORDER

Currently pending before the Court are Defendant Oceanus Perry's ("Defendant") Motion to Reduce Sentence pursuant to the First Step Act of 2018 (ECF No. 127) and Supplemental Motion to Reduce Sentence pursuant to the First Step Act of 2018 (ECF No. 129). The Government opposes Defendant's Motions. (ECF No. 131). For the reasons stated herein, Defendant's Motions (ECF Nos. 127; 129) are **DENIED**.

### I.

On October 8, 2002, a Grand Jury for the Southern District of Ohio returned a two-count Indictment charging Defendant with one count of armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d) ("Count 1"); and one count of brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) ("Count 2"). (*See* ECF No. 1). On March 24, 2004, after a jury trial, Defendant was convicted of both offenses as charged in the Indictment. (*See* ECF No. 28). Defendant was sentenced to serve a 63-month term of imprisonment on Count 1 and 25 years on Count 2, to run consecutive to Count 1. (ECF No. 40). The Court issued an Amended Judgment and sentenced Defendant to 63-months of imprisonment

on Count 1 with 22 months of the sentence to run consecutive to a sentence which was imposed upon him in the Northern District of Ohio, and 25 years on Count 2 to run consecutive to the term imposed on Count 1. (*See* ECF Nos. 52, 75).

## II.

Defendant now moves the Court to reduce his sentence pursuant to the First Step Act of 2018. (*See* ECF Nos. 127, 129). Section 403 of the First Step Act amends 18 U.S.C. § 924(c)(1)(C) "by striking 'second or subsequent conviction under this subsection' and inserting 'violation of this subsection that occurs after a prior conviction under this subsection has become final'." First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 § 403(a) (Dec. 21, 2018) (hereinafter, "First Step Act"). This amendment applies retroactively in limited circumstances: "This section, and the amendments made by this section, shall apply to any offense that was committed before the date of the enactment of this Act, *if a sentence for the offense has not been imposed as of such date of enactment.*" First Step Act, § 403(b) (emphasis added).

Here, Defendant was originally sentenced on October 22, 2004 and judgment was entered on November 23, 2004 (ECF Nos. 39, 40). The Court twice amended Defendant's judgment, first on April 11, 2006, and again on December 1, 2008.[1] (ECF Nos. 52; 75). All these dates were well before December 21, 2018, the date that the First Step Act was enacted. Nonetheless, Defendant submits that he is eligible for a sentence reduction for two reasons: 1) he "is 'actually innocent' of the 300 month term under 18 U.S.C. § 924(c)(1)(C) as it now reads[;]" and 2) his "case is in line with the intent of Congress in promulgating the First Step Act." (ECF No. 129 at 2, 3). Neither argument is persuasive.

---

[1] The Court notes that the Second Amended Judgment did not alter the Amended Judgment as imposed on April 11, 2006. Rather, the Second Amended Judgment merely satisfied the Bureau of Prisons request that Count 2 be included on the second page of the judgment. (*See* ECF No. 75).

First, whether Defendant is presently "actually innocent" of the sentencing enhancement is of no matter. Defendant asserts "that there is no legal impediment to applying amended criminal statutes to any case that otherwise qualifies for relief." (ECF No. 129 at 2). Precedent, however, makes clear, "[g]enerally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is *expressly* granted by statute." *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010) (emphasis added); *see also United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013). As stated *supra*, the pertinent amendment applies only "to any offense that was committed before the date of the enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." First Step Act, § 403(b). Here, even applying the date of the Second Amended Judgment, which was docketed on December 1, 2008, such date occurred over a decade prior to the enactment of the First Step Act. Thus, the First Step Act does not expressly provide the Court with the authority to modify Defendant's sentence.

The Court next turns to Defendant's second argument. Defendant asserts that "the clear intent of the First Act was not merely prospective, but was designed to address past harms." (ECF No. 129 at 4). In response, the Government agrees "with Perry that the First Step Act was enacted to address past harms[;]" it is the Government's position "that Congress worded the First Step Act in a manner to address specific harms and reach particular persons through the law." (ECF No. 131 at 5). The Government submits that, as Defendant was convicted of armed bank robbery and brandishing a firearm in commission of bank robbery, Defendant "must acknowledge that the Act does not apply to his case." (*Id.*).

The Court agrees with the Government. As the Sixth Circuit has stated: "the First Step Act is largely forward looking and not retroactive." *United States v. Wiseman*, 932 F.3d 411, 417 (6th Cir. 2019). Had Congress intended § 403 to apply retroactively, it would have explicitly

3

stated so, as it did in other sections of the First Step Act. *Compare* First Step Act, § 404(b) (making retroactive the sentencing reductions in sections 2 and 3 of the Fair Sentencing Act of 2010), *with* § 403(b). As such, under the plain language of the § 403(b), Defendant is not eligible to receive a sentence reduction under the First Step Act as he was sentenced prior to December 21, 2018.

### III.

For the reasons stated herein, Defendant's Motion to Reduce Sentence pursuant to the First Step Act of 2018 and his Supplemental Motion to Reduce Sentence pursuant to the First Step Act of 2018 (ECF Nos. 127; 129) are **DENIED**.

**IT IS SO ORDERED.**

12-12-2019
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**