## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

OCEANUS PERRY,

        Defendant.

**Case No. 2:02-cr-159**
**JUDGE EDMUND A. SARGUS, JR.**
**Magistrate Judge Elizabeth P. Deavers**

## <u>ORDER</u>

This matter is before the Court on Defendant Oceanus Perry's "Status Update on Request for Reduction of Sentence," which the Court construes as a motion for compassionate release. (ECF No. 146.)  The Government has responded in opposition.  (ECF No. 151.)

On December 21, 2018, Section 603(b) of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, modified 18 U.S.C. § 3582(c)(1)(A) to allow a sentencing court to reduce an imposed sentence.  The statute provides:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendants' facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).

Here, Defendant's motion must be denied because he has not submitted proof that he exhausted the statute's administrative requirements.  Defendant "bears the burden to show he has exhausted his administrative remedies and is entitled to compassionate release."  *United States v. McDonald*, No. 94-cr-20256-1, 2020 U.S. Dist. LEXIS 106051, at *7 (W.D. Tenn. June 8, 2020).  Defendant's motion indicates that he "submitted a petition for a reduction of sentence or a term of house arrest for the duration of sentence in the alternative" on June 10, 2020 and that he has yet to receive response.  (ECF No. 146 at 1.)  Defendant does not attach a copy of the purported petition and does not indicate whether the petition was submitted to the warden of his facility.  Thus, Defendant has failed to prove that he exhausted the statute's administrative requirements.  *United States v. Lewis*, No. 1:18-cr-123-2, 2020 U.S. Dist. LEXIS 218383, at *6 (S.D. Ohio Nov. 19, 2020) (denying motion for compassionate release and stating that the defendant "must prove with evidence that he made a request to the warden, and that it was received by the warden, in order to establish that thirty days elapsed before he moved this Court for relief.").

Accordingly, Defendant's motion is **DENIED WITHOUT PREJUDICE**.  (ECF No. 146.)  Defendant may file another motion for compassionate release with proof that he complied with the statue's administrative requirements.  The Clerk is directed to remove the gavel from ECF No. 151.

**IT IS SO ORDERED.**

**8/3/2021**                                                  **s/Edmund A. Sargus, Jr.**
**DATE**                                                     **EDMUND A. SARGUS, JR.**
                                                             **UNITED STATES DISTRICT JUDGE**

2